UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO SERRANO HERNANDEZ, | No. 1:26-cv-04704-DAD-CSK (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| WARDEN, CALIFORNIA CITY DETENTION CENTER, | (Doc. No. 2) |
| Respondent. | |

On June 18, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  On June 25, 2026, the court construed petitioner's petition as containing a motion for temporary restraining order. (Doc. No. 5.)  The court set a briefing schedule as to petitioner's construed motion for a temporary restraining order and directed respondent to address in its opposition whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (*Id.*)

On June 25, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 6.)  In that opposition, respondent argues in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC),

1

2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondent argues that this case is distinguished from the previously decided cases cited in the court's order because of petitioner's "extensive criminal history."[1]  (Doc. No. 6 at 2.)  Respondent, however, fails to explain how criminal history standing alone can be used to justify detention of petitioner in the absence of any authorizing statutory framework.

Based upon a review of the briefing, the court finds the following facts.  Petitioner entered the United States without inspection in or prior to 1991.  (Doc. Nos. 1 at 7; 6 at 21) (supporting a finding that petitioner was present in the United States in 1991).  On or about April 20, 2026, petitioner encountered immigration authorities in the interior of the United States at a traffic stop and was detained by those authorities.  (Doc. No. 6 at 6.)

The court adopts its reasoning set forth in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), where the court concluded that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who have:  (1) entered the United States without inspection; (2) were not apprehended on arrival; and (3) not otherwise subject to mandatory detention.  Applying the reasoning set forth in *Quichimbo-Jimenez*, the court concludes that petitioner is not legally detained pursuant to 8 U.S.C. § 1225.  Respondent fails to identify any other statutory framework which would justify the continued detention of petitioner, notably failing to argue that petitioner may be lawfully detained pursuant to 8 U.S.C. § 1226(a).  Accordingly, the court incorporates its reasoning in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy here is petitioner's immediate release

/////

---

[1]  A review of the criminal history records that respondent attaches to its opposition reveals that petitioner was most recently charged with a criminal offense in December 2002 and that the disposition of that charge is not known.  (Doc. No. 6 at 32.)  Respondent represents that petitioner's criminal history extends to 2024, but that representation is clearly not supported by the  documentation submitted by respondent.  (Doc. No. 6 at 1.)

2

from custody because respondent has failed to provide any applicable authority for petitioner's detention.

For the reasons explained above,

1.   Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.   Respondent is ORDERED to immediately release petitioner Jose Alfredo Serrano Hernandez, A-File No. Unknown, from respondent's custody on the conditions, if any, he was subject to prior to his detention on April 20, 2026;

    b.   Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2.   Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3.   The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4.   The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 27, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE